**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| ARIANNY CELESTE LOPEZ, CLAUDIA SAMPEDRO, EVA PEPAJ, JANET GUZMAN, KIMBERLY COZZENS a/k/a KIM COZZENS, MARIANA DAVALOS, ROSA ACOSTA, STEPHANIE RAO, and YODIT YEMANE a/k/a JODIE JOE,<br><br>Plaintiffs,<br><br>v.<br><br>THE SOUND FACTORY, LLC d/b/a THE SOUND FACTORY d/b/a CENTER STAGE BAR & LOUNGE and COLUMBUS HEALTHCARE RESOURCES, INC.,<br><br>Defendants. | Civil Action No. 4:26-01220 |

**DEFENDANT COLUMBUS HEALTHCARE RESOURCES, INC.'S ANSWER AND DEFENSES**

Defendant Columbus Healthcare Resources, Inc. ("CHR") respectfully submits its Answer and Defenses to the First Amended Complaint, stating as follows:

## PRELIMINARY STATEMENT

The only claim asserted against CHR in the First Amended Complaint is the Third Cause of Action for contributory trademark infringement. The First, Second, and Fourth through Twelfth Causes of Action, and Plaintiffs' Prayer for Relief, are directed solely at "The Sound Factory" and seek no relief from CHR, and no response by CHR is therefore required to those allegations. CHR nonetheless responds to every paragraph below out of an abundance of caution, and to the extent any allegation in those Causes of Action is construed as directed at CHR, it is denied.

## ANSWER

1. CHR admits that Plaintiffs have filed an action for damages and injunctive relief for alleged misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs but denies that Plaintiffs have any viable claims and denies that Plaintiffs are entitled to any relief in this lawsuit, including against The Sound Factory, LLC, a non-existent entity. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiffs are "well-known professional models" or that their images were misappropriated, altered, or published and used in advertising without their authorization to promote nightclubs. CHR admits that a nightclub called "Sound Factory" was located at 6298 Veterans Pkwy Suite 8E, Columbus, Georgia 31909,

though CHR lacks knowledge or information sufficient to form a belief regarding whether the nightclub is still operating at the same location under that name. CHR lacks knowledge or information sufficient to form a belief regarding whether the nightclub ever operated under the name "Center Stage."

2. CHR admits that Plaintiffs have asserted the claims described in Paragraph 2, except that Paragraph 2 does not mention Count III for contributory trademark infringement asserted against CHR. To the extent that Plaintiffs allege that CHR is liable for any claim, whether referenced in Paragraph 2 or elsewhere in the First Amended Complaint, CHR denies those allegations. CHR also denies all allegations in Paragraph 2 to the extent that they pertain to actions or omissions of The Sound Factory, LLC, a non-existent entity.

3. CHR admits that Plaintiffs seek the remedies set forth in Paragraph 3 but denies that Plaintiffs are entitled to such remedies from CHR or The Sound Factory, LLC.

## JURISDICTION & VENUE

4. CHR admits that this Court has subject matter jurisdiction over claims under the Lanham Act, 15 U.S.C. § 1125(a)(1), pursuant to 28 U.S.C. § 1331, but denies that Plaintiffs either possess or have adequately pled any viable claim against CHR or The Sound Factory, LLC under the Lanham Act or otherwise.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, CHR denies that the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(c).

6. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. CHR denies that "Defendant THE SOUND FACTORY, LLC, is a limited liability company formed under the laws of the state of Georgia, with its principal place of business located at 6298 Veterans Pkwy Suite 8E, Columbus, Georgia, 31909." CHR denies that "THE SOUND FACTORY, LLC operates The Sound Factory … and Center Stage Bar & Lounge." CHR admits that a nightclub called "Sound Factory" was located at 6298 Veterans Pkwy Suite 8E, Columbus, Georgia 31909, though CHR lacks knowledge or information sufficient to form a belief regarding whether the nightclub is still operating at the same location under that name. CHR lacks knowledge or information sufficient to form a belief regarding whether the nightclub ever operated under the name "Center Stage."

8. CHR admits that venue is proper in the United States District Court for the Middle District of Georgia. To the extent that the allegations in Paragraph 8 pertain to CHR, CHR admits that its principal place of business is in Columbus,

Georgia, Columbus-Muscogee County. CHR denies the allegations in Paragraph 8 to the extent that they pertain to The Sound Factory, LLC's principal place of business because it is a non-existent entity without any place of business.

9. CHR admits that Plaintiffs allege that a significant portion of the alleged causes of action arose and accrued in Columbus, Georgia and that the center of gravity for a significant portion of all relevant events alleged in the First Amended Complaint is predominantly located in Columbus, Georgia. CHR denies that it has engaged in any conduct or participated in any alleged relevant events that would give rise to liability under the alleged causes of action. CHR denies that The Sound Factory, LLC has engaged in any conduct or participated in any alleged relevant events that would give rise to liability under the alleged causes of action, because it is a non-existent entity.

## PARTIES

### *Plaintiffs*

10. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

***Defendant***

19. CHR denies the allegations in Paragraph 19.

20. CHR admits, upon information and belief, that the registered agent and address identified in Paragraph 20 are associated in the records of the Georgia Secretary of State with an entity named "The Sound Factory Limited Co.," which

was dissolved in 2022. CHR denies that any entity named The Sound Factory, LLC exists or may be served. CHR lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

21. CHR denies the remaining allegations in Paragraph 21.CHR states that its principal office address is 707 Center Street, Columbus, Georgia 31901, and that its registered agent is CSC of Cobb County, Inc., 192 Anderson Street NE, Suite 125, Marietta, Georgia 30060.

## FACTUAL ALLEGATIONS

22. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. CHR denies that The Sound Factory, LLC used, altered, published, or authorized any Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

25. CHR admits only that Plaintiffs could not have worked for The Sound Factory, LLC and that The Sound Factory, LLC could not have endorsed, or been associated or affiliated with Plaintiffs, because that entity does not exist. CHR denies the allegation to the extent it concerns CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

26. CHR admits only that The Sound Factory, LLC could not have acted with Plaintiffs' knowledge or obtained their consent or authorization because that entity does not exist. CHR denies the allegation to the extent it concerns CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

27. CHR admits only that The Sound Factory, LLC did not and could not have paid or remunerated Plaintiffs because that entity does not exist. CHR denies any allegation that CHR used or benefited from Plaintiffs' Images or caused them damages. CHR lacks knowledge or information sufficient to form a belief about whether any actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities paid Plaintiffs or caused the alleged harm, or about Plaintiffs' alleged damages or reputational harm.

28. CHR denies that The Sound Factory, LLC misappropriated Plaintiffs' advertising ideas or used Images from Plaintiffs' social-media pages, because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

***Plaintiffs' Individual Backgrounds and Careers***

29. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Lopez's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about the truth of those allegations.

31. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Lopez because that entity does not exist. CHR denies the allegations to the extent they concern CHR,

and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Lopez's alleged damages.

32. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Sampedro's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

34. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Sampedro because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Sampedro's alleged damages.

35. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Pepaj's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

37. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Pepaj because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Pepaj's alleged damages.

38. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Guzman's Images, because that entity does not exist. CHR

further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

40. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Guzman because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Guzman's alleged damages.

41. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Cozzens's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media

accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

43. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Cozzens because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Cozzens's alleged damages.

44. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Davalos's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

46. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Davalos because

that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Davalos's alleged damages.

47. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Acosta's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

49. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Acosta because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Acosta's alleged damages.

50. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Rao's Images, because that entity does not exist. CHR further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

52. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Rao because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Rao's alleged damages.

53. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54. CHR denies that The Sound Factory, LLC used, altered, published, or authorized the use of Yemane's Images, because that entity does not exist. CHR

further denies any allegation that CHR used, altered, published, authorized, controlled, or participated in such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

55. CHR admits only that The Sound Factory, LLC could not have employed, hired, associated or affiliated with, contacted, or paid Yemane because that entity does not exist. CHR denies the allegations to the extent they concern CHR, and CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, including Yemane's alleged damages.

***Defendant's Business Activity and Misappropriation***

56. CHR denies that The Sound Factory, LLC operated or engaged in the business of selling alcohol or food at a nightclub, because that entity does not exist. CHR denies that it operated a nightclub or engaged in the alleged business activities. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations. CHR admits only that a nightclub named "Sound Factory" was located on property owned by CHR.

57. CHR denies that The Sound Factory, LLC owned, operated, or controlled any social-media accounts, because that entity does not exist. CHR denies that it owned, operated, controlled, monitored, or participated in the operation of any such accounts. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

58. CHR denies that The Sound Factory, LLC used any social-media accounts to promote a nightclub or attract patrons, because that entity does not exist. CHR denies that it used, directed, controlled, or participated in any such promotion. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

59. CHR denies that The Sound Factory, LLC acted for its own commercial or financial benefit, because that entity does not exist. CHR denies that it used Plaintiffs' Images or received, sought, or caused any alleged commercial or financial benefit from them. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

60. CHR denies that The Sound Factory, LLC used, advertised, created, printed, or distributed Plaintiffs' Images, because that entity does not exist. CHR further denies that it used, advertised, created, printed, distributed, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

61. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or created any false impression to receive benefits, because that entity does not exist. CHR denies that it used Plaintiffs' Images, created any false impression, or received or sought any monetary, promotional, advertising, marketing, public-relations, notoriety, publicity, revenue, profit, or income benefit from them. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

62. CHR admits only that The Sound Factory, LLC could not have known whether Plaintiffs were affiliated with or employed by a nightclub, or whether they endorsed or were associated with a nightclub, because that entity does not exist. CHR denies that it had the alleged knowledge or participated in any alleged conduct.

To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

63. CHR admits only that The Sound Factory, LLC could not have acted without Plaintiffs' knowledge or consent because that entity does not exist. CHR denies that it conducted, authorized, or participated in any alleged use or republication of Plaintiffs' Images without consent. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

64. CHR admits only that The Sound Factory, LLC did not and could not have compensated Plaintiffs because that entity does not exist. CHR denies that it used, authorized, or benefited from Plaintiffs' Images or failed to compensate Plaintiffs for any such use. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

65. CHR admits only that The Sound Factory, LLC could not have provided Plaintiffs any benefit because that entity does not exist. CHR denies that it used, controlled, or published Plaintiffs' Images or provided or received any benefit

from such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, or to Plaintiffs' individual benefits or damages, CHR lacks knowledge or information sufficient to form a belief about those allegations.

***Standard Business Practices in the Modeling Industry***

66. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

***Defendant's Misappropriation of Plaintiffs' Images***

69. CHR denies that The Sound Factory, LLC knew that any use of Plaintiffs' Images violated any right or created any false impression, because that entity does not exist. CHR denies that it used Plaintiffs' Images, had the alleged knowledge, or created any false impression. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

70. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or deprived Plaintiffs of income, because that entity does not exist. CHR denies that it used Plaintiffs' Images or caused any loss of income. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged income, damages, or any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

71. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or injured Plaintiffs' careers or reputations, because that entity does not exist. CHR denies that it used Plaintiffs' Images or caused any alleged injury. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged career or reputational harm and any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

72. CHR admits only that The Sound Factory, LLC could not have contacted Plaintiffs because that entity does not exist. CHR denies that it failed to contact Plaintiffs or otherwise participated in any request to use their Images. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, representatives, or other persons or entities.

73. CHR admits only that The Sound Factory, LLC could not have obtained permission to use Plaintiffs' Images because that entity does not exist. CHR denies that it sought, obtained, or used any such permission, directly or indirectly. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, representatives, or other persons or entities.

74. CHR admits only that The Sound Factory, LLC could not have paid Plaintiffs for use of their Images because that entity does not exist. CHR denies that it used Plaintiffs' Images or failed to pay Plaintiffs for any use. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, promotional materials, social-media accounts, or other persons or entities.

75. CHR denies that The Sound Factory, LLC used Plaintiffs' Images without consent or remuneration, or sought to deprive Plaintiffs of rights in their Images, because that entity does not exist. CHR denies that it used, authorized, controlled, or benefited from any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, or to Plaintiffs' individual consent, remuneration, or damages, CHR lacks knowledge or information sufficient to form a belief about those allegations.

**<u>FIRST CAUSE OF ACTION</u>**
**(Violation of § 43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(A) – False Association)**

76. Paragraph 76 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

77. CHR denies that The Sound Factory, LLC used Plaintiffs' Images to create a false impression, promote a business, attract clientele, or generate revenue, because that entity does not exist. CHR denies that it used Plaintiffs' Images or engaged in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

78. CHR denies that The Sound Factory, LLC used Plaintiffs' Images to create a false impression or generate revenue, because that entity does not exist. CHR denies that it used Plaintiffs' Images, promoted a business, attracted clientele, or generated revenue through any alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

79. CHR denies that The Sound Factory, LLC acted for its own commercial benefit, because that entity does not exist. CHR denies that it used Plaintiffs' Images or acted for any commercial benefit from them. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

80. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged businesses, clients, brands, images, identities, personas, distinctiveness, secondary meaning, or commercial value. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or identities for any advertising or commercial purpose. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

81. CHR denies that it competes with Plaintiffs, uses the same marketing channels, or seeks the same consumer dollars. CHR denies that The Sound Factory, LLC competed with Plaintiffs, because that entity does not exist. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

82. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images, caused confusion, caused competitive injury, or sought to commercialize Plaintiffs' identities, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, or to Plaintiffs' alleged injury, CHR lacks knowledge or information sufficient to form a belief about those allegations.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or caused any false designation, confusion, sponsorship, approval, or association. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

84. CHR denies that The Sound Factory, LLC knew Plaintiffs did not work at or endorse any establishment or used their Images to mislead customers, because that entity does not exist. CHR denies that it had the alleged knowledge or engaged in any such use. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

85. CHR denies that The Sound Factory, LLC knew its use of Plaintiffs' Images would cause consumer confusion, because that entity does not exist. CHR denies that it had such knowledge or used Plaintiffs' Images. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

86. CHR lacks knowledge or information sufficient to form a belief about whether any actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities used Plaintiffs' Images or caused consumer confusion. CHR denies that it used Plaintiffs' Images or caused any confusion, and denies that The Sound Factory, LLC did so because that entity does not exist.

87. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or caused Plaintiffs to lose control over any products, services, advertisements, or depictions, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

88. CHR denies that The Sound Factory, LLC or CHR caused any failure, neglect, or default that harmed Plaintiffs or their reputations, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged reputational harm, lost sales, or promotional expenditures and about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

89. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or caused any damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

90. Paragraph 90 contains a prayer for relief to which no response is required. To the extent a response is required, CHR denies that Plaintiffs are entitled to damages, lost profits, disgorgement, attorneys' fees, costs, interest, injunctive relief, or any other relief from CHR or The Sound Factory, LLC.

**<u>SECOND CAUSE OF ACTION</u>**
**(Violation of § 43 of the Lanham Act, 15 U.S.C. §1125 (a)(1)(B) – False Advertising)**

91. Paragraph 91 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

92. Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, CHR admits only that Section 43 of the Lanham Act, 15 U.S.C. § 1125 et seq., is a federal statute and that the quoted language appears in 15 U.S.C. § 1125(a)(1)(B), but denies that Plaintiffs have a viable claim against CHR or The Sound Factory, LLC and denies any remaining allegations.

93. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or identities without authority to create any alleged perception or to advertise, promote, or market any business, because that entity does not exist. CHR denies that it used, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

94. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or identities to advertise, promote, or market any business or event, or that any such use was false or misleading, because that entity does not exist. CHR denies that it

engaged in, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

95. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or identities to suggest or imply any employment, affiliation, endorsement, consent, authorization, or participation in any event, because that entity does not exist. CHR denies that it engaged in, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR engaged in false advertising or caused any capacity or tendency to confuse consumers. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

97. CHR lacks knowledge or information sufficient to form a belief about whether any actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities used Plaintiffs' Images or caused actual consumer confusion. CHR denies that it used Plaintiffs' Images or caused any confusion, and denies that The Sound Factory, LLC did so because that entity does not exist.

98. CHR denies that The Sound Factory, LLC used Plaintiffs' Images or identities to benefit any business or attract clientele, because that entity does not exist. CHR denies that it used, authorized, controlled, or participated in any such conduct or received any benefit. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

99. CHR denies that The Sound Factory, LLC knew or should have known that any alleged use of Plaintiffs' Images or identities would cause consumer confusion, because that entity does not exist. CHR denies that it had such knowledge or used Plaintiffs' Images. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

100. Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR violated 15 U.S.C. § 1125(a) or engaged in wrongful conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

101. Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR acted willfully. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

102. Paragraph 102 states legal conclusions and a prayer for relief to which no response is required. To the extent a response is required, CHR denies that this is an exceptional case or that Plaintiffs are entitled to attorneys' fees from CHR or The Sound Factory, LLC.

103. CHR denies that The Sound Factory, LLC had actual or constructive knowledge of wrongfulness, intended to deprive Plaintiffs of property, or knew injury was highly probable, because that entity does not exist. CHR denies that it had such knowledge, intent, or awareness. To the extent the allegations refer to the

actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

104. CHR denies that The Sound Factory, LLC was aware of or consciously disregarded any lack of consent to use Plaintiffs' Images, because that entity does not exist. CHR denies that it was aware of or consciously disregarded any lack of consent or engaged in any alleged use. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

105. CHR denies that The Sound Factory, LLC or CHR caused irreparable harm to Plaintiffs, their reputations, or brands, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged harm and about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

106. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or directly or proximately caused any damages, because The

Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

**THIRD CAUSE OF ACTION[1]**
**(Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) -Contributory Trademark Infringement – COLUMBUS HEALTHCARE RESOURCES)**

1. [107] Paragraph 1 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

2. [108] CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. [109] CHR admits that it is the landlord under a current lease with Rivertown Investments, LLC, operating under the trade name “Sound Factory,” for the premises located at 6298 Veterans Pkwy Suite 8E, Columbus, Georgia 31909. CHR denies that it leased the premises to an entity named The Sound Factory, LLC. CHR denies any remaining allegations in Paragraph 3.

4. [110] CHR denies the allegations in Paragraph 4.

[1] Beginning with the Third Cause of Action, the numbering of the paragraphs restarts at 1. In this Answer, CHR has provided the same numbering as in the First Amended Complaint with the correct sequential numbering in brackets.

5. [111] Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, CHR admits that contributory trademark infringement is a recognized cause of action under the Lanham Act but denies that the statement of the law pertaining to contributory trademark infringement in Paragraph 5 is complete and denies that CHR is liable for contributory trademark infringement. CHR denies any remaining allegations in Paragraph 5.

6. [112] CHR denies the allegations in Paragraph 6.

7. [113] CHR denies the allegations in Paragraph 7.

8. [114] CHR denies the allegations in Paragraph 8.

## FOURTH CAUSE OF ACTION
## (Common Law Right of Publicity)

9. [115] Paragraph 9 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

10. [116] CHR denies that The Sound Factory, LLC appropriated Plaintiffs' likenesses for commercial purposes or without authority or consent, because that entity does not exist. CHR denies that it appropriated Plaintiffs' likenesses or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

11. [117] CHR denies that The Sound Factory, LLC published Plaintiffs' Images on any website or social-media account, because that entity does not exist. CHR denies that it published, authorized, controlled, or participated in any such publication. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

12. [118] CHR denies that The Sound Factory, LLC operated any website or social-media account to advertise, attract business, or generate revenue, because that entity does not exist. CHR denies that it operated, controlled, or participated in the operation of any such account. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

13. [119] CHR lacks knowledge or information sufficient to form a belief about the allegations concerning the alleged visibility, timing, or discoverability of any social-media posts. CHR denies that The Sound Factory, LLC or CHR published or republished Plaintiffs' Images, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer

to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

14. [120] CHR denies that The Sound Factory, LLC republished Plaintiffs' Images through different media or on different occasions, because that entity does not exist. CHR denies that it republished, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

15. [121] CHR denies that The Sound Factory, LLC altered or republished Plaintiffs' Images to reach a new audience or promote a different product, because that entity does not exist. CHR denies that it altered, republished, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

16. [122] CHR denies that The Sound Factory, LLC used Plaintiffs' Images to attract clientele or generate business, because that entity does not exist. CHR

denies that it used Plaintiffs' Images or attracted clientele or generated business through any alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

17. [123] CHR admits only that The Sound Factory, LLC could not have sought or received permission or consent to use Plaintiffs' Images because that entity does not exist. CHR denies that it sought, received, or used any such permission or consent. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, representatives, or other persons or entities.

18. [124] CHR denies that The Sound Factory, LLC knew it had not received Plaintiffs' permission or consent, because that entity does not exist. CHR denies that it had such knowledge or used Plaintiffs' Images. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, representatives, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

19. [125] CHR admits only that The Sound Factory, LLC could not have compensated Plaintiffs because that entity does not exist. CHR denies that it used

Plaintiffs' Images or failed to compensate Plaintiffs for any use. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, promotional materials, social-media accounts, or other persons or entities.

20. [126] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR caused any damages or is liable for punitive damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

## FIFTH CAUSE OF ACTION
## (Common Law Right of Privacy – False Light)

21. [127] Paragraph 21 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

22. [128] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged commercial interests in their images, photographs, personas, or likenesses. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images for commercial purposes, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

23. [129] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged investment of time, effort, and money in their careers, images, personas, or likenesses. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or identities for commercial purposes, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

24. [130] CHR denies that The Sound Factory, LLC used Plaintiffs' Images for commercial purposes or in advertising, because that entity does not exist. CHR denies that it used, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

25. [131] CHR admits only that The Sound Factory, LLC could not have used Plaintiffs' Images without consent because that entity does not exist. CHR denies that it used, authorized, controlled, or participated in any such conduct. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, representatives, or other persons or entities.

26. [132] CHR denies that The Sound Factory, LLC republished Plaintiffs' Images through different media or on different occasions, because that entity does

not exist. CHR denies that it republished, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

27. [133] CHR denies that The Sound Factory, LLC altered or republished Plaintiffs' Images to reach a new audience or promote a different product, because that entity does not exist. CHR denies that it altered, republished, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

28. [134] CHR denies that The Sound Factory, LLC knew it had not received Plaintiffs' permission or consent or used their Images to promote a business, because that entity does not exist. CHR denies that it had such knowledge or engaged in any alleged use. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

29. [135] CHR admits only that The Sound Factory, LLC could not have compensated Plaintiffs because that entity does not exist. CHR denies that it used Plaintiffs' Images or failed to compensate Plaintiffs for any use. CHR lacks knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

30. [136] Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR had no applicable privilege or authorization, or that either used Plaintiffs' Images, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

**SIXTH CAUSE OF ACTION**
**(Violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq.)**

31. [137] Paragraph 31 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

32. [138] CHR denies that The Sound Factory, LLC operated any website or social-media account to promote a business, attract clientele, or generate revenue, because that entity does not exist. CHR denies that it operated, controlled, or participated in the operation of any such account. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

33. [139] Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR operated any website or social-media account or published Plaintiffs' Images in trade or commerce, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

34. [140] CHR denies that The Sound Factory, LLC published Plaintiffs' Images to create any false impression of employment, affiliation, or endorsement, because that entity does not exist. CHR denies that it published, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to

the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

35. [141] CHR denies that The Sound Factory, LLC intended to mislead the public regarding Plaintiffs' employment or affiliation, because that entity does not exist. CHR denies that it had that intent or engaged in any such conduct. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

36. [142] Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR engaged in unfair or deceptive acts, unfair competition, or any other actionable conduct. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

37. [143] Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR violated Georgia public policy, misappropriated Plaintiffs' property

rights, invaded their privacy, or acted for commercial benefit. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

38. [144] Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR acted immorally, unethically, oppressively, or unscrupulously, or sought to confuse the public for commercial benefit. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

39. [145] CHR lacks knowledge or information sufficient to form a belief about whether any actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities caused substantial injury to consumers. CHR denies that it or The Sound Factory, LLC created any false impression or caused any consumer injury, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

40. [146] CHR denies that The Sound Factory, LLC engaged in advertising practices that benefited its commercial interests, because that entity does not exist.

CHR denies that it used Plaintiffs' Images or received, sought, or caused any benefit from them. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

41. [147] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged reputational injury or their ability to market themselves as models. CHR denies that it or The Sound Factory, LLC used Plaintiffs' Images or caused any such injury, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

42. [148] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR caused any damages or is liable for punitive or exemplary damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

**<u>SEVENTH CAUSE OF ACTION</u>**
**(Defamation)**

43. [149] Paragraph 43 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

44. [150] CHR denies that The Sound Factory, LLC published altered Images of Plaintiffs to promote any business, because that entity does not exist. CHR denies that it published, altered, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

45. [151] CHR denies that The Sound Factory, LLC published Plaintiffs' Images to represent that Plaintiffs were employed by, endorsed, or affiliated with it, because that entity does not exist. CHR denies that it published, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

46. [152] CHR admits only that The Sound Factory, LLC could not have employed, endorsed, or been affiliated with Plaintiffs because that entity does not exist. CHR denies the allegation to the extent it concerns CHR, and CHR lacks

knowledge or information sufficient to form a belief about any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

47. [153] CHR denies that The Sound Factory, LLC intended to create a false impression that Plaintiffs worked for, endorsed, or were affiliated with it, because that entity does not exist. CHR denies that it had that intent or engaged in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

48. [154] CHR denies that The Sound Factory, LLC negligently published Plaintiffs' Images or knew or should have known that Plaintiffs were not employed by or affiliated with it or had not consented to or been compensated for their use, because that entity does not exist. CHR denies that it negligently published Plaintiffs' Images or had the alleged knowledge. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

49. [155] Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR published Plaintiffs' Images with actual malice or engaged in any alleged conduct. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

50. [156] CHR denies that The Sound Factory, LLC knowingly decided to publish Plaintiffs' Images to attract clientele or generate revenue, because that entity does not exist. CHR denies that it made any such decision or published Plaintiffs' Images. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

51. [157] Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR defamed Plaintiffs or published any statement or image causing the alleged consequences. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or

other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

52. [158] Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR defamed Plaintiffs per se or published anything tending to injure Plaintiffs in their trades, businesses, or professions. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

53. [159] CHR lacks knowledge or information sufficient to form a belief about the allegations concerning Plaintiffs' prospective employers, brands, business opportunities, reputations, or professional injuries. CHR denies that The Sound Factory, LLC or CHR published Plaintiffs' Images or caused any such injury, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

54. [160] Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that The Sound Factory, LLC or CHR published Plaintiffs' Images in a manner imputing unchastity or otherwise constituting defamation per se. To the extent the allegation refers to the

actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

55. [161] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR published Plaintiffs' Images or caused any damages or is liable for punitive or exemplary damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

**EIGHTH CAUSE OF ACTION**
**(Negligence and Respondeat Superior)**

56. [162] Paragraph 56 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

57. [163] CHR denies that The Sound Factory, LLC maintained or should have maintained employee policies or procedures governing the use of intellectual property, publicity rights, or images, because that entity does not exist. CHR denies that it maintained, implemented, or failed to implement any such policies or participated in any alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

58. [164] CHR denies that The Sound Factory, LLC maintained or should have maintained policies or procedures concerning deceptive or misleading advertising, because that entity does not exist. CHR denies that it maintained, implemented, or failed to implement any such policies or participated in any alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

59. [165] CHR denies that The Sound Factory, LLC owed Plaintiffs any duty of care or infringed their property or publicity rights, because that entity does not exist. CHR denies that it owed Plaintiffs the alleged duty or engaged in any alleged use or infringement. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

60. [166] CHR denies that The Sound Factory, LLC owed consumers any duty of care concerning advertising or promotional materials, because that entity does not exist. CHR denies that it owed consumers the alleged duty or engaged in any alleged advertising or promotional conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities,

CHR lacks knowledge or information sufficient to form a belief about those allegations.

61. [167] CHR denies that The Sound Factory, LLC breached any duty by failing to implement or follow policies concerning intellectual property, publicity rights, images, or deceptive advertising, because that entity does not exist. CHR denies that it breached any duty or engaged in any alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

62. [168] CHR denies that The Sound Factory, LLC failed to implement or communicate policies, failed to supervise employees, or negligently hired, screened, retained, supervised, or trained employees or agents, because that entity does not exist. CHR denies that it engaged in any such conduct or had the alleged employees or agents. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

63. [169] CHR denies that The Sound Factory, LLC breached any duty or proximately caused the publication of Plaintiffs' Images or any resulting harm, because that entity does not exist. CHR denies that it breached any duty or caused

any such publication or harm. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged harm or any intended reference to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities.

64. [170] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR was negligent or caused any damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

## NINTH CAUSE OF ACTION
## (Conversion)

65. [171] Paragraph 65 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

66. [172] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged ownership of or property interests in their Images. CHR denies that The Sound Factory, LLC or CHR converted or exercised control over any such property, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities,

CHR lacks knowledge or information sufficient to form a belief about that allegation.

67. [173] CHR denies that The Sound Factory, LLC converted Plaintiffs' property rights or used them for financial gain, because that entity does not exist. CHR denies that it converted, exercised control over, or used Plaintiffs' property rights for financial gain. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about that allegation.

68. [174] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR converted or published Plaintiffs' Images or caused any damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

## <u>ELEVENTH CAUSE OF ACTION</u>[2]
**(Unjust Enrichment)**

69. [175] Paragraph 69 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

70. [176] CHR denies that The Sound Factory, LLC published Plaintiffs' Images to promote any business or attract clientele, because that entity does not exist. CHR denies that it published, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

71. [177] CHR denies that The Sound Factory, LLC published Plaintiffs' Images to create any false impression of employment, affiliation, or endorsement, because that entity does not exist. CHR denies that it published, authorized, controlled, or participated in any such conduct. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-

[2] The First Amended Complaint jumps from the "Ninth Cause of Action" to the "Eleventh Cause of Action," so CHR is using the same headings in its Answer for consistency.

media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

72. [178] CHR denies that The Sound Factory, LLC published Plaintiffs' Images to obtain a commercial benefit from any purported association, employment, or endorsement, because that entity does not exist. CHR denies that it published, used, authorized, controlled, or benefited from Plaintiffs' Images. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

73. [179] CHR denies that The Sound Factory, LLC benefited commercially from any unauthorized use of Plaintiffs' Images, because that entity does not exist. CHR denies that it used Plaintiffs' Images or received any commercial benefit from them. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

74. [180] CHR denies that The Sound Factory, LLC was enriched by controlling or publishing Plaintiffs' Images or by attracting clientele, because that entity does not exist. CHR denies that it controlled, published, or benefited from

Plaintiffs' Images. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, CHR lacks knowledge or information sufficient to form a belief about those allegations.

75. [181] CHR admits only that The Sound Factory, LLC could not have compensated Plaintiffs because that entity does not exist. CHR denies that it used Plaintiffs' Images or failed to compensate Plaintiffs for any use. CHR denies that it received any benefit from Plaintiffs' Images, and states only that its only relationship with the nightclub was the receipt of rent in the ordinary course under an arm's-length lease. To the extent the allegations refer to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities, or to Plaintiffs' alleged damages or compensation, CHR lacks knowledge or information sufficient to form a belief about those allegations.

76. [182] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged damages. CHR denies that The Sound Factory, LLC or CHR caused any damages, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct. To the extent the allegation refers to the actual nonparty nightclub, tenant, operator, employees, agents, or other persons or entities,

CHR lacks knowledge or information sufficient to form a belief about that allegation.

**<u>TWELFTH CAUSE OF ACTION</u>**
**(Quantum Meruit)**

77. [183] Paragraph 77 contains no factual allegations to which a response is required. To the extent a response is required, CHR denies the allegations.

78. [184] CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged careers, reputations, appearances, or compensation as models. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or identities for any commercial purpose, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

79. [185] CHR lacks knowledge or information sufficient to form a belief about the compensation paid by companies or brands to Plaintiffs for appearances. CHR denies that The Sound Factory, LLC or CHR used Plaintiffs' Images or identities for any commercial purpose, because The Sound Factory, LLC does not exist and CHR did not engage in the alleged conduct.

80. [186] CHR admits only that The Sound Factory, LLC could not have availed itself of any benefit or compensated Plaintiffs because that entity does not exist. CHR denies that it availed itself of any benefit from Plaintiffs or failed to compensate them for any use. To the extent the allegations refer to the actual

nonparty nightclub, tenant, operator, employees, agents, website, social-media accounts, or other persons or entities, or to Plaintiffs' alleged compensation or damages, CHR lacks knowledge or information sufficient to form a belief about those allegations.

81. [187] Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, CHR denies that Plaintiffs are entitled to reasonable compensation from CHR or The Sound Factory, LLC. CHR lacks knowledge or information sufficient to form a belief about Plaintiffs' alleged compensation or damages.

## GENERAL DENIALS

Pursuant to Federal Rule of Civil Procedure 9(a)(2), CHR specifically denies the legal existence of "The Sound Factory, LLC." Based on its review of the records of the Georgia Secretary of State, CHR is informed and believes that no such entity by that name exists or has ever existed, that no such entity was CHR's tenant, and that no such entity owned, operated, controlled, or managed the nightclub commonly known as "The Sound Factory."

Except as expressly admitted in the Answer, CHR denies each and every allegation in the First Amended Complaint, including, without limitation, any allegations in the Complaint's headings, subheadings, unnumbered paragraphs,

footnotes, exhibits, and prayer for relief. To the extent any allegation in the Complaint is not specifically addressed above, it is denied. CHR further denies that Plaintiffs are entitled to the relief requested in the First Amended Complaint or to any relief whatsoever. CHR reserves the right to amend this Answer as permitted by the Federal Rules of Civil Procedure and the Court's orders.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and without assuming any burden of proof that otherwise rests with Plaintiffs, CHR asserts the following defenses to the First Amended Complaint.

### First Affirmative Defense
### (Failure to Join Required Party)

Plaintiffs' claims against CHR are barred, in whole or in part, because Plaintiffs have failed to properly join the actual owner of the nightclub named "The Sound Factory," whose alleged conduct forms the asserted predicate for Plaintiffs' contributory trademark infringement claim. In the absence of that party, complete relief cannot be accorded, and adjudication of Plaintiffs' claims would, as a practical matter, impair or impede the absent party's ability to protect its interests and/or expose CHR to a substantial risk of multiple, inconsistent, or otherwise inequitable obligations. To the extent joinder is required but not feasible, Plaintiffs' claims

should be dismissed, stayed, severed, limited, or otherwise addressed as justice requires.

**Second Affirmative Defense**
**(Failure to Properly Serve Predicate Direct-Infringer Party)**

Plaintiffs' claims against CHR are barred, in whole or in part, because Plaintiffs have failed to properly serve and bring before the Court the correct party against whom Plaintiffs seek to establish direct trademark infringement, namely the actual owner of the nightclub named "The Sound Factory." Plaintiffs may not obtain relief against CHR to the extent such relief depends on adjudicating the rights, obligations, or alleged direct liability of a party that has not been properly identified, joined, served, or made subject to the Court's authority. Plaintiffs' failure to properly serve and bring the predicate direct-infringer party before the Court bars or limits any contributory-infringement claim against CHR to the extent Plaintiffs cannot establish the required underlying act of direct trademark infringement.

**Third Affirmative Defense**
**(No Predicate Direct Infringement / No Contributory Liability)**

Plaintiffs' contributory trademark infringement claim fails because Plaintiffs have not alleged and cannot prove that The Sound Factory, LLC (a non-existent entity) or any other properly identified primary infringer committed direct trademark infringement under the Lanham Act. Plaintiffs have not alleged and cannot prove

that CHR intentionally induced any direct infringement, knowingly participated in any direct infringement, or continued to supply any product, service, or instrumentality to a person or entity that CHR knew or had reason to know was engaging in trademark infringement. Accordingly, Plaintiffs' contributory trademark infringement claim, and any request for damages, fees, injunctive relief, or other relief based on that claim, is barred.

**<u>Fourth Affirmative Defense</u>**
**(Absence of Protectable Lanham Act Interest)**

Plaintiffs' Lanham Act claim is barred, in whole or in part, because Plaintiffs have no protectable trademark or trademark-like interest in the likenesses, photographs, images, or appearances alleged in the Complaint. Plaintiffs cannot establish that any asserted likeness functions as a source-identifying mark, that Plaintiffs' identities are sufficiently recognizable to the relevant consumers to create endorsement value protected by the Lanham Act, or that the alleged conduct was likely to confuse consumers into believing that Plaintiffs sponsored, approved, endorsed, or were otherwise affiliated with the goods, services, or commercial activities of the nightclub named "The Sound Factory." Plaintiffs' claim is an impermissible attempt to recast a state-law right of publicity theory as a federal Lanham Act claim.

**Fifth Affirmative Defense**
**(Absence of Control of Means or Instrumentality)**

Plaintiffs' contributory trademark infringement claim is barred, in whole or in part, because CHR did not own, control, monitor, or operate the means or instrumentality by which any alleged direct infringement occurred and lacked the practical ability to prevent or halt the alleged infringing conduct.

**Sixth Affirmative Defense**
**(Lack of Proximate Cause)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish that any act or omission by the nightclub named "Sound Factory" or any other party, person, or entity proximately caused any actionable confusion, infringement, damages, or other legally cognizable injury.

**Seventh Affirmative Defense**
**(Failure to State a Claim)**

The First Amended Complaint fails to state a claim against CHR upon which relief can be granted. Among other deficiencies, Plaintiffs' allegations that CHR knew, had reason to know, or was willfully blind to any infringement are pleaded solely "upon information and belief" and are wholly conclusory.

**Eighth Affirmative Defense**
**(Lack of Knowledge and No Willful Blindness)**

Plaintiffs' contributory trademark infringement claim is barred because CHR had no actual or constructive knowledge of any alleged use of Plaintiffs' Images. CHR received no notice, complaint, demand, or other communication from Plaintiffs or anyone else regarding the alleged use before this lawsuit was filed. CHR did not suspect any infringement and did not deliberately avoid learning of any infringement, and therefore was not willfully blind. As a landlord, CHR had no duty to monitor, investigate, or police its tenant's advertising or social-media activity.

**Ninth Affirmative Defense**
**(Limitations on Damages and Relief)**

Any recovery against CHR is barred or limited because: (a) Plaintiffs failed to mitigate their alleged damages; (b) any damages are attributable to the conduct of third parties for whom CHR is not responsible and must be apportioned accordingly; (c) CHR did not act willfully, and Plaintiffs therefore are not entitled to enhanced damages, profits, or attorneys' fees under 15 U.S.C. § 1117; (d) punitive damages are not recoverable under the Lanham Act; and (e) injunctive relief against CHR is moot or unavailable because CHR does not control the accounts at issue.

**PRAYER FOR RELIEF**

**WHEREFORE**, CHR respectfully prays for the following relief:

1. That the Court enter judgment in favor of CHR and against Plaintiffs on all counts (including Count III) and all claims for relief;

2. That the Court deny Plaintiffs' demand for damages, punitive damages, attorneys' fees, injunctive relief, or any other remedies sought by Plaintiffs against CHR;

3. That all costs be assessed against Plaintiffs;

4. That the Court award to CHR all of its attorneys' fees and costs of defending this lawsuit upon a finding that this is an exceptional case, meaning that the case stands out from others with respect to the substantive weakness of Plaintiffs' litigating position (considering both the governing law and the facts of the case) and/or the unreasonable manner in which the case is litigated; and

5. That the Court award such other and further relief to CHR as shall appear just and proper.

Dated: October 14, 2026

By: /s/ J. Tucker Barr

J. Tucker Barr
Georgia Bar No. 140868
Avery E. Carter
Georgia Bar No. 443820
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501

*Attorneys for Defendant Columbus Healthcare Resources, Inc.*